*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2011-225

DECEMBER TERM, 2011

| | | |
|---|---|---|
| Kellie Olio | } | APPEALED FROM: |
| | } | |
| | } | Superior Court, Orleans Unit, |
| v. | } | Family Division |
| | } | |
| | } | |
| David Schurman | } | DOCKET NO. 243-12-08 Osdm |

Trial Judge: Robert R. Bent

In the above-entitled cause, the Clerk will enter:

In this parentage action, mother argues that the trial court abused its discretion in awarding to father sole physical and legal rights and responsibilities of their young child. She also argues that she did not have an opportunity to present her case fully because the trial court denied her motion to continue the final hearing. We affirm.

The parties are parents to a minor child born in October 2004. Following separation, they both sought parental rights and responsibilities. The court held hearings on the matter over four days—December 8, 2010, December 22, 2010, January 28, 2011, and March 18, 2011. Mother represented herself on the first day of the hearing, but was represented by counsel thereafter. While still pro se, in October 2010, mother filed a motion to continue the December 8 hearing, stating that she needed more time to prepare and hire an expert. She listed the witnesses she expected to testify at trial. The motion was denied on November 1. At trial, mother and all of the listed witnesses testified, including the child's two therapists.

Based on the evidence presented, the court found the following facts. The parties began a relationship in 2003. At the time, father was a captain in the merchant marine and was at sea for two-and-a-half months at a time. In 2004, mother became pregnant. She moved into father's home. Father was present at the birth of the parties' daughter and assisted with caring for the baby, but mother was the primary care provider. The parties did not love each other and tried to create a home for the baby, but their relationship was stressed. In 2008, there was a physical confrontation between the parties. Mother was holding the child and father grabbed mother's arms with enough force to leave bruising. Mother fell over a toy chest and then left through a window. The court did not find credible mother's testimony that father beat her for five, ten or twenty minutes because this was inconsistent with mother's statements at the time of the incident to her brother and a doctor that she had been grabbed and pushed. Mother regularly recounts to the child that mother received a beating from father.

In December 2008, the parties separated and father retired from the merchant marine. Mother filed a parentage action. The parties adopted a shared parenting schedule with alternating time. Father is self-employed and runs a sugar-making business. Mother does some part-time cleaning work. As part of the ongoing proceedings, mother was awarded $500 a month in child support. Afterwards, she was upset at this amount, and at a child exchange she yelled and swore at father.

A parent coordinator was assigned and a guardian ad litem was appointed in part to assist with the exchanges between parents. Mother drew out transitions with extended hugs and kisses, often leaving the child in tears. The parent coordinator suggested that the parties attend parenting classes and go to counseling. Father attended classes and counseling, but mother did not. The parent coordinator also recommended that the parties not leave their vehicles during transitions, and this seemed to alleviate some anxiety. The coordinator also requested that mother refrain from discussing father's misconduct with the child. Mother refused to follow that recommendation.

In the spring of 2009, the child began counseling. The therapist noticed that the child used phrases identical to mother's and that mother would become emotional in front of the child. The counselor believed that the child's memory of the domestic violence remains because mother continues to mention it. Father was not initially part of the counseling process, but eventually took over bringing the child to visits with her counselor. The child saw a new therapist beginning in December 2010. The therapist noticed that the child used terms that she did not understand and encouraged mother to be careful in her communication with the child. The therapist had no concerns about the child's safety in either home.

The court issued a written decision on parental rights. In assessing the statutory factors, the court concluded that several factors favored neither parent. See 15 V.S.A. § 665(b). The court found that both parents provided their daughter with love and affection, are able to provide for her physical needs, and that the child is equally well adapted to the parents' living situations. The court found, however, that father was better able to meet the child's future developmental needs and to foster a positive relationship with mother. The court explained that mother does not always foster a positive relationship with father. She continues to raise negative history concerning father and shares too much with the child. While the court recognized mother's role as primary caregiver early in the child's life, the court concluded that father is also now a substantial caregiver. The court found father was at fault for an incident of domestic violence, but that it was isolated and minor. The court found that the child trusts and loves father and does not fear him. On balance, the court found the factors favored father and awarded him sole legal and physical rights and responsibilities, with contact for mother.

Mother appeals. On appeal, mother challenges all of the trial court's factual findings. Although she lists pages of challenges to each factual finding, her challenges mostly relate to facts concerning the nature of the parties' relationship, father's temperament and physical abuse of mother, mother's repetition of father's abuse to the child and the child's behavior at transitions. Generally, mother argues that the court's findings are inaccurate or unsupported by the evidence. In this regard, our standard of review is narrow. We "will not set aside the family court's findings if supported by the evidence, nor its conclusions if supported by the findings." Payrits v. Payrits, 171 Vt. 50, 53 (2000) (quotation omitted). Because mother has failed to order a transcript of the final hearing, we are unable to assess whether adequate evidence was presented at the hearing. See State v. Gadreault, 171 Vt. 534, 538 (2000) (mem.) (appellant's failure to file a transcript precludes review of claims); In re S.B.L., 150 Vt. 294, 307 (1988) ("[A]ppellant must bear the consequence of the lack of a transcript of the evidence."). As we

2

have explained, "[i]t is the burden of the party challenging a ruling to furnish the reviewing court a transcript of the proceeding involved." In re S.B.L., 150 Vt. at 307 (quotation omitted). Prior to briefing, father claimed that transcripts were necessary for this appeal. This Court declined to order mother to procure a transcript given her in forma pauperis status, but forewarned her that her ability to argue some issues on appeal would be limited. Absent a record of the hearing, we must assume the court's findings are supported by the evidence. Id. at 307-08. Thus, we do not address mother's arguments concerning the adequacy of the court's findings and turn to mother's other claim of error.

Mother also argues that the court erred in denying her motion to continue the first day of the final hearing. The trial court has discretion in determining whether to grant a continuance. Cameron v. Burke, 153 Vt. 565, 572 (1990). There was no abuse of discretion in this case. The matter had been pending for some time and mother had a month's time following the denial to prepare for the hearing. In any event, the denial did not prejudice mother. Mother obtained an attorney, had ample opportunity to present her side of the case, and presented testimony from all of the witnesses listed in her motion to continue, including her experts—the child's therapists.

Affirmed.

BY THE COURT:


_____
Paul L. Reiber, Chief Justice


_____
Brian L. Burgess, Associate Justice


_____
Beth Robinson, Associate Justice